# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.** : | **CIVIL ACTION** |
| **& FAMILY,** : | |
| *Plaintiffs* : | |
| : | |
| v. : | **NO. 23-CV-0073** |
| : | |
| **HONORABLE JEFFERY R. SOMMER,** : | |
| *Defendant* : | |

## M E M O R A N D U M

NITZA QUIÑONES ALEJANDRO, J.                                                                 JANUARY 10, 2023

Currently before the Court is a Complaint filed by Plaintiff Avery Miguel Perry, Sr., a regular litigant in this Court, in which he raises claims pursuant to 42 U.S.C. § 1983 against the Honorable Jeffrey R. Sommer based on how Judge Sommer handled a motion filed by Perry in his criminal case.[1] Perry seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Perry leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.    FACTUAL ALLEGATIONS**

Perry alleges that on January 4, 2023 at approximately 2:00 p.m., he filed a motion to terminate his probation during a hearing in his criminal case over which Judge Sommer was presiding.[2] (Compl. at 3.)[3] Perry alleges that Judge Sommer failed to review his motion or

---

[1] To the extent Perry raises claims on behalf of anyone other than himself, those claims are dismissed for lack of standing. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. (quotations omitted)); *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (father could not pursue claims on behalf of minor children).

[2] The publicly available docket for the underlying criminal proceeding, in which Perry pled guilty to simply assault, reflects that on January 4, 2023, Judge Sommer was presiding over a hearing regarding whether Perry had violated his probation. *Commonwealth v. Perry*, CP-15-CR-0003666-2020 (C.P. Chester).

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

consider his evidence and, instead, "denied the motion without any explanation or justification." (*Id.*) Perry further alleges that Judge Sommer prevented him from registering complaints about his public defender, whom Perry alleges induced him to plead guilty in the underlying criminal case, and that the judge only permitted him to answer "yes" or "no" to questions being asked of him. (*Id.* at 3; ECF No. 2-1 at 1.) Perry alleges that officers "were summoned and began to intimidate [him] and with [his] severe mental health [he] began to shut down." (Compl. at 3.) Perry was then escorted by police to the probation office "with [his] fiancé and son in tow and forced to submit a dna sample and fingerprints against [his] will." (*Id.*)

Later that day, Perry initiated the instant civil rights action claiming that Judge Sommer violated his rights by "failing to review the motion and consider the evidence." (*Id.* at 4.) Specifically, Perry alleges that he was denied the "right to a fair and impartial hearing and decision-making process." (*Id.* at 4.) Perry seeks damages and unspecified declaratory and injunctive relief.[4] (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Perry leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[4] Perry's unspecified request for declaratory relief is improper since his claims are based entirely on an alleged violation of his rights that occurred in the past. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense when the defense "is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Perry is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity extends to § 1983 claims for injunctive relief, since "'injunctive relief shall not be

granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (*per curiam*) (quoting 42 U.S.C. § 1983). As Perry's § 1983 claims against Judge Sommer are based on acts he took in his judicial capacity while presiding over a case in which Perry was a litigant, Judge Sommer is entitled to absolute judicial immunity from Perry's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Perry leave to proceed *in forma pauperis* and dismiss his Complaint. Perry will not be given leave to file an amended complaint because he cannot cure the defects in his claims.

This result should not surprise Perry since the Court previously dismissed a lawsuit based on judicial immunity grounds that Perry filed approximately five months ago against a different judge who ruled against him. *See Perry v. Silow*, No. 22-2962, 2022 WL 3099765, at *2 (E.D. Pa. Aug. 4, 2022) ("As Perry's § 1983 claims against Judge Silow are based on acts the Judge took in his judicial capacity while presiding over a case in which Perry was a litigant, Judge Silow is entitled to absolute judicial immunity from these claims." (footnote omitted)). In that case, the Court placed Perry "on notice that if he continues to file meritless lawsuits in this Court based on the same subject matter, he may be subjected to an injunction that limits his ability to file cases in the future." *Id.* (citing *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990)). The Court reiterates that warning here.[5]

---

[5] In less than a year, Perry has filed twelve lawsuits in this Court, including the instant case. Perry's first civil action was in the style of an email and was ultimately dismissed without prejudice due to Perry's failure to file a proper complaint, provide an address for service, or either pay the filing fees or move to proceed *in forma pauperis*. *In re: Perry*, Civ. A. No. 22-439 (E.D. Pa.). He has proceeded *in forma pauperis* in all of his remaining cases, only one of which was not fully dismissed on statutory screening. *See Perry v. Meir*, Civ. A. No. 22-1699 (E.D. Pa.) (claim for excessive force proceeded past screening;

An Order follows, which dismisses this case.

*NITZA QUIÑONES ALEJANDRO, J.*

---

remaining claims dismissed); *Perry v. Paolillo*, Civ. A. No. 22-1872 (claims based on criminal proceedings filed against Perry and Perry's loss of custody of his son dismissed upon screening); *Perry v. Frederick*, Civ. A. No. 22-1973 (E.D. Pa.) (claims against Perry's public defender dismissed upon screening); *Perry v. McIntosh*, Civ. A. No 22-2206 (E.D. Pa.) (claims against attorney appointed to represent Perry in family court proceedings dismissed upon screening); *Perry v. Stackhouse*, Civ. A. No. 22-2208 (E.D. Pa.) (claims based on alleged fraud that caused Perry's family to vacate the family home dismissed upon screening); *Perry v. 38th Judicial Dist.*, Civ. A. No. 22-2704 (claims against state court dismissed upon screening); *Perry v. Silow*, Civ. A. No. 22-2962 (claims against state judge who presided over family court proceedings dismissed upon screening); *Perry v. Faddis*, Civ. A. No. 22-4012 (E.D. Pa.) (claims against police officers dismissed upon screening with leave to amend; amended complaint pending at time of this Memorandum); *Perry v. Detective O'Donnell*, Civ. A. No. 22-4599 (E.D. Pa.) (claims against detective who allegedly failed to investigate Perry's complaints dismissed upon screening); *Perry v. Yurich*, Civ. A. No. 23-44 (E.D. Pa.) (claims against prosecutor who prosecuted Perry dismissed upon screening).